816 F.2d 674
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America; Plaintiff-Appellee,
v.
Jeffrey Todd EDMUNDSON; Defendant-Appellant.
UNITED STATES of America; Plaintiff-Appellee,
v.
Michael Carl COLLIER; Defendant-Appellant.
 Nos. 86-5054, 86-5060.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1987.
Decided April 10, 1987.
 
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior United States District Judge for the District of South Carolina, sitting by designation.
 Charles R. Brewer, United States Attorney (Charles E. Lyons, Assistant United States Attorney, on brief), for plaintiff appellee.
 George R. Hodges, Robert C. Ervin, (Moore, Van Allen, Allen & Thigpen, on brief), Fritz Y. Mercer, Jr., (Dozier, Brackett, Miller, Pollard & Murphy, on brief), for defendants-appellants.
 PER CURIAM.
 
 
 1
 Defendants Collier and Edmundson pled guilty to conspiring to violate 18 U.S.C. Sec. 844(i) by maliciously damaging and destroying, and attempting to damage and destroy by means of fire, a building affecting interstate commerce. Their pleas were offered subject to withdrawal in the event that the court below granted their motions to dismiss on the ground that the building in question was not used in interstate commerce. The district court found that the interstate commerce nexus was satisfied and denied the defendants' motions to dismiss. We affirm.
 
 
 2
 The events that gave rise to the Indictment involved a confidential government informant, who contacted one Felton Ludlum, and told Ludlum that he knew someone who wanted to have a building burned. Ludlum agreed to mastermind the arson and arranged for the defendants to travel to Charlotte, N.C., to burn Stamey's Restaurant. On November 18, 1985, the defendants approached the restaurant carrying a gallon jug of gasoline. They walked to the back door of the building and left the jug. The defendants then left the premises. The confidential informant later learned from Collier and Edmundson that they had seen a police car a block away and decided to stop their plan.
 
 
 3
 The questions about the sufficiency of the interstate commerce nexus in this case derive from the fact that Stamey's Restaurant is a vacant building, which has been unoccupied since April, 1984. The restaurant does contain furniture and certain appliances, including an oven and refrigerator which were manufactured outside of North Carolina. The electricity was still on in the building in November, 1985, but the natural gas supply was shut off. There was no insurance on the premises. The restaurant had been listed for sale by a Charlotte realty firm. The realty company had advertised the property in the classified section of THE CHARLOTTE OBSERVER, but no offers had been received from out-of-state purchasers. The realty company had not advertised the property in publications printed outside of North Carolina.
 
 
 4
 The language of 18 U.S.C. Sec. 844(i) requires that the building or other property subjected to arson be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce...." This phrase was explained in Russell v. United States, --- U.S. ----, 105 S.Ct. 2455, 2457 (1985), in which the Supreme Court indicated that Congress intended Sec. 844(i) to cover "substantially all business property." In the same opinion, the Supreme Court went on to acknowledge "that the local rental of an apartment unit is merely an element of a much broader commercial market in rental properties." Ibid. at 2458.
 
 
 5
 In United States v. Grossman, 608 F.2d 534 (4th Cir.1979), we recognized that even a de minimis effect on interstate commerce is sufficient to satisfy the Commerce Clause. The Grossman opinion also expressed our view that "in using the words 'affecting interstate commerce' [in Sec. 844(i) ] Congress intended to exercise the full jurisdictional reach constitutionally permissible under the Commerce Clause." Ibid. at 537.
 
 
 6
 Here, however, it is not necessary to rely upon the fact that the electricity was still on in the building, or that the refrigerator and oven, which were manufactured in Pennsylvania and New York, respectively, were sufficiently identified with the building to provide the interstate commerce nexus simply by their presence. Rather, an adequate link to interstate commerce in this case derives from the fact that the Stamey's Restaurant building was part of a broad commercial market in real estate by virtue of its having been advertised for sale in THE CHARLOTTE OBSERVER, a newspaper which the record shows has subscribers in 47 States. Thus, the district court's denial of defendants' motions to dismiss is
 
 
 7
 AFFIRMED.